UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO L. OFFUTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-00608-JRS-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Antonio Offutt for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice**.** In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United*

*States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

Offutt was charged on Mary 2, 2018, with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). *United States v. Offutt*, 1:18-cv-137-JRS-TAB-1 ("Crim. Dkt.") Dkt. 1.

On January 11, 2019, he filed a revised petition to enter plea of guilty and plea agreement. Cr. Dkt. 34. The Plea Agreement contains the following factual basis:

> Prior to the defendant's possession of the Walther model PK380 pistol, he had been convicted of multiple crimes that were punishable by more than one year of imprisonment, including Battery Causing Serious Bodily Injury (a Class C felony) and Criminal Recklessness (a Class D felony) in Marion County (Indiana) cause number 49G 17-0110-DF-198549 on or about February 27, 2002; and Forgery (a Class C felony) in Marion County (Indiana) cause number 49G05-1208-FC-052679 on or about September 17, 2013.

Crim. Dkt. 34, ¶ 18. The Plea Agreement further provides that, for purposes for calculating the offense level, four levels should be added under U.S.S.G. § 2K2.1(b)(6)(B) because Offutt "possessed the firearm in connection with another felony offense, specifically the possession of controlled substances."[1] *Id.* ¶ 22(b).

To prepare for sentencing, the probation office prepared a Presentence Investigation Report ("PSR"). Crim. Dkt. 35. According to the PSR, Offutt's base offense level was 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A). *Id.* ¶ 14. As discussed in the Plea Agreement, four levels were added under U.S.S.G. § 2K2.1(b)(6)(B), and three levels were subtracted under U.S.S.G. § 3E1.1. for acceptance of responsibility. *Id.* ¶¶ 15, 21-22. Offutt's total offense level was 21, and his criminal history category was VI. *Id.* ¶¶ 23, 46. Neither party objected to the PSR.

---

[1] The Plea Agreement refers to U.S.S.G. § 2D2.1(b)(6)(B), but this appears to be a typo and intended to refer to U.S.S.G. § 2K2.1(b)(6)(B).

During the plea hearing, the Court reviewed with Offutt the indictment, penalties, trial rights, elements of the offense, and the sentencing factors. Dkt. 10 p. 5-14. The Court asked Offutt whether he agreed the facts in the Plea Agreement were true, and Offutt responded, "Yes." *Id.* at 9. The Court asked if Offutt had any questions regarding the plea or the consequences of his plea, and Offutt responded, "No, Your Honor." *Id.* at 14. The Court then reviewed the PSR and neither party objected to it. *Id.* p. 15-16. The Court accepted the PSR as its findings of fact. *Id.* p. 17.

The Court sentenced Offutt to 90 months in prison to be followed by three years of supervised release. Crim Dkt. 39.

Offutt did not appeal.

### III. Discussion

In support of his § 2255 motion, Offutt argues that his conviction is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and that his counsel was ineffective by not moving to dismiss the indictment or file an appeal. In reply, Offutt argues that his sentence was improperly enhanced under the Sentencing Guidelines based on the conclusion that he possessed a firearm in connection with another felony offense.

#### A. *Rehaif v. United States*

In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.

139 S. Ct. at 2200. In other words, under *Rehaif*, the United States' burden includes proving beyond a reasonable doubt that Offutt knew, at the time of the offense, he had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see also United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020). However, when a defendant

3

seeks to invalidate his guilty plea based on a *Rehaif* error, "the burden of persuasion rests on the defendant." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020).

Offutt does not argue that he was unaware of his status as a felon when he pleaded guilty to being a felon in possession of a firearm. Further, the record supports a conclusion that Offutt was aware of his status as a felon. Offutt's Plea Agreement states:

> Prior to the defendant's possession of the Walther model PK380 pistol, he had been convicted of multiple crimes that were punishable by more than one year of imprisonment, including Battery Causing Serious Bodily Injury (a Class C felony) and Criminal Recklessness (a Class D felony) in Marion County (Indiana) cause number 49G 17-0110-DF-198549 on or about February 27, 2002; and Forgery (a Class C felony) in Marion County (Indiana) cause number 49G05-1208-FC-052679 on or about September 17, 2013.

Crim. Dkt. 34, ¶ 18. In addition, the PSR reflects that Offutt was aware of his status as a felon at the time he possessed the firearm. Offutt had several convictions for crimes for which he served more than a year in prison, including a conviction for Battery Causing Serious Bodily Injury for which he was sentenced to six years in prison, dkt. 35 ¶ 37, and a conviction for Forgery for which he was sentenced to four years, *id.*, ¶ 43. Having spent more than a year in prison on several convictions, Offutt cannot genuinely argue now that he did not know he had been convicted of an offense punishable by a term of imprisonment exceeding one year.

### B. Ineffective Assistance of Counsel

Offutt next argues that his counsel was ineffective for failing to move to dismiss the indictment or file an appeal based on the fact that *Rehaif* was pending before the Supreme Court. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011).  If a petitioner cannot establish

4

one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014).

As discussed above, Offutt is unable to make a successful *Rehaif* claim. He has therefore failed to demonstrate prejudice based on counsel's alleged failure to move to dismiss the indictment or appeal based on *Rehaif*.

To the extent that Offutt can be understood to claim that his counsel was ineffective for failing to file an appeal, the Supreme Court held in *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019), that there is a presumption of prejudice, even in light of an appeal waiver in a plea agreement, if an attorney fails to file a notice of appeal. However, that rule applies only when "a defendant has expressly requested an appeal"; in other words, when an attorney fails "to file a notice of appeal despite the defendant's express instructions." *Id.* at 746, 750. Offutt does not claim that he requested an appeal. He therefore has no *Garza* claim.

### C. Sentence Enhancement

In reply in support of his § 2255 motion, Offutt argues that the Court incorrectly applied a four-level enhancement to his sentence under U.S.S.G. 2K2.1(b)(6)(B) based on the conclusion that he possessed the firearm in connection with another felony – possession of 10.5 grams of cocaine and 2 grams of marijuana. Offutt asserts that he was not charged with a drug felony and it therefore should not be used to enhance his sentence. He further argues that the Court did not make an express finding that Offutt's possession of a firearm was connected to the possession of cocaine and marijuana. He asks to be resentenced without the four-level enhancement.

Section 2K2.1(b)(6)(B) provides for a sentencing enhancement when a defendant "used or possessed a firearm…in connection with another felony offense." "This enhancement may be applied regardless of whether a charge was brought or a conviction obtained for the other felony

5

offense." *United States v. Sandidge*, 784 U.S. 1055, 1062 (7th Cir. 2015). But it applies only to conduct "related to the offense of conviction." *United States v. Seals*, 813 F.3d 1038, 1046 (7th Cir. 2016). And the Court must make factual findings of the defendant's participation in the other felony offense. *Id.*

Here, Offutt admitted through his Plea Agreement that the firearm and the drugs were discovered together. Cr. Dkt. 34 ¶ 18(c). And at his plea and sentencing hearing, Offutt affirmed the facts stated in the Plea Agreement. Dkt. 10 at 9. The PSR reiterates these facts and the Court accepted them as its factual findings when sentencing Offutt. *Id.* at 17. Offutt therefore cannot show that the sentencing enhancement was inapplicable or that the Court did not make the required findings.

## IV. Conclusion

For the reasons explained in this Order, Antonio Offutt is not entitled to relief on his § 2255 motion. Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Order in No. 1:18-cr-137-JRS-TAB-1.** The motion to vacate (Crim. Dkt. 43) shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Offutt has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right"

and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 9/3/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTONIO L. OFFUTT
16386-028
GILMER - FCI
GILMER FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351

Lindsay E. Karwoski
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lindsay.karwoski@usdoj.gov